| | |
|---|---|
| ZHEXIU TU;  )<br>SIQIAN WANG;  )<br>  389 Hunters Landing Dr,  )<br>  Manchester, TN 37355  )<br>)<br>          Plaintiff(s)  )<br>)<br>          v.  )<br>)<br>KRISTI NOEM, in her official capacity,  )<br>Secretary, U.S. Department of Homeland  )<br>Security;  )<br>)<br>JOSEPH B. EDLOW, in his official capacity,  )<br>Director, U.S. Citizenship and Immigration  )<br>Services;  )<br>)<br>  2707 Martin Luther King Jr. Ave, SE  )<br>  Washington, DC 20528-0485  )<br>)<br>PAM BONDI, in her official capacity,  )<br>Attorney General, Office of Attorney General,  )<br>U.S. Department of Justice,  )<br>  950 Pennsylvania Avenue, NW  )<br>  Washington, DC 20530-0001  )<br>)<br>          Defendant(s).  )<br>) | Civil Action No. 4:26-cv-10 |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Suite 630, Rolling Meadows, Illinois 60008, Ph: (312) 767-9030, Facsimile: (312) 549-9981, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COME NOW ZHEXIU TU (hereinafter "Plaintiff TU" or collectively "Plaintiffs") and SIQIAN WANG (hereinafter "Plaintiff WANG" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff TU is a Chinese national who was petitioned for by his employer for permanent resident status.[1] As such, he has the right to apply for permanent resident status by filing Form I-485, Application for Adjustment of Status ("Application"). Plaintiff's Application was properly and completely filed on February 2, 2024. (Receipt # LIN2490091012).

2. Plaintiff WANG, as the spouse and derivative of her husband Plaintiff TU's approved I-140 is eligible to apply for the same benefit sought; adjustment of status. (Receipt # LIN2490091015)

3. This action is brought as a result of Defendants' failure to adjudicate Plaintiff TU's and Plaintiff WANG's[2] separately filed Form I-485, Applications within a reasonable period of time. The Applications have been in pending status for a period of over months (over 24 months)

---

[1] Under the Immigration and Nationality Act ("INA"), a non-citizen skilled worker can seek to become a permanent resident of the United States by obtaining an employment visa through a three-step process which requires action by both the non-citizen and his or her employer. The first two steps must be taken by the employer. First, the employer must file an application with the Department of Labor ("DOL") for labor certification stating that there are insufficient qualified, able, and willing U.S. workers to fill the position. 8 U.S.C. § 1153(b)(3)(C); 1182(a)(5)(A)(i)(I).

Second, once the labor certification has been obtained, the employer must file a petition with USCIS for an employment visa on behalf of the non-citizen employee. This petition for an employment visa is called a Form I-140 petition. 8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5(a). A Form I-140 petition filed on behalf of a skilled worked will be approved if, among other things, the employer has obtained valid labor certification and the non-citizen employee has the relevant training or experience. 8 U.S.C. § 1153(b)(3)(A)(i); 8 C.F.R. § 204.5(l).

The third and final step must be taken by the individual seeking employment. While the employer's Form I-140 petition is pending (or after it has been approved), the non-citizen employee must file a Form I-485 to apply to adjust his or her status to that of a permanent resident. 8 U.S.C. § 1255; 8 C.F.R. § 245.2(a)(3)(ii).

[2] Plaintiffs TU and WANG have one child, named Leila Tu, who was born in the United States on February 9, 2024.

without adjudication. The Plaintiffs have a clear right to adjudication of their respective Applications within a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. The delay in making a decision on Plaintiff's respective Applications extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

5. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2024 of 6.6 months for the adjudication of Form I-485, for employment-based adjustment applications.[3] Plaintiffs' respective Form I-485 Applications have been pending for over 24 months, which is over three and a half times the average processing time as reported by USCIS.[4]

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the respective Applications as most, if not all, USCIS Field Offices are fully operational at this time; as such, COVID-19 related issues do not prohibit an officer's ability to complete the adjudicative processing of this matter.

7. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

---

[3] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt-2
[4] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt-2

## PARTIES

8. Plaintiff ZHEXIU TU is a citizen of China and for purposes of the instant action he is a resident of Coffee County, Tennessee. He is a beneficiary of an approved Form I-140, Petition for Alien Worker, filed by his employer, The University of the South. Plaintiff is also the applicant of a properly filed Form I-485, Application for Adjustment of Status. (Receipt Notice # LIN2490091012).

9. Plaintiff SIQIAN WANG is a citizen of China and for purposes of the instant action she is a resident of Coffee County, Tennessee. She is the derivative family member of her spouse, Plaintiff TU, the beneficiary of an approved Form I-140, Petition for Alien Worker, filed by his employer, The University of the South. Plaintiff WANG is the applicant of a Form I-485, to Register Permanent Residence or Adjust Status. (Receipt Notice # LIN249091015).

10. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

12. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. §1391(e) in that this is the district in which plaintiffs reside, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

15. Plaintiffs have repeatedly requested the Defendants to make a final decision on their respective Applications. Furthermore, Plaintiffs have initiated numerous inquiries with USCIS, directly, all without any resolution.

16. Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish their eligibility for the approval of their respective Applications.

17. There are no further administrative remedies available for the Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

18. On February 2, 2024, Plaintiff TU's employer properly filed Form I-140, Immigrant Petition for Alien Worker, with USCIS, with a priority date of August 11, 2020. Plaintiff LIU's Form I-140 was approved on January 7, 2025. **[EXHIBIT A].**

19. On February 2, 2024, Plaintiff TU and Plaintiff WANG properly filed two separate Form I-485, Applications to Register Permanent Residence or Adjust Status (Receipt Notice #

5

Case 4:26-cv-00010-TRM-CHS    Document 1    Filed 02/12/26    Page 5 of 9    PageID #: 5

LIN2490091012 and Receipt Notice # LIN2490091015, respectively) with USCIS. Defendants have failed to adjudicate Plaintiff TU's Application despite his eligibility. **[EXHIBIT B].**

20. On March 27, 2024, Plaintiff TU and Plaintiff WANG appeared at a designated Application Support Center for their scheduled biometrics appointment. **[EXHIBIT C].**

21. Since completing their required biometrics, USCIS has not requested any further information or evidence from the Plaintiffs and nor has it scheduled Plaintiffs for their required interviews.

22. Plaintiffs have made numerous inquiries over the past 24 months with USCIS and has requested the adjudication of their respective Applications.

23. Plaintiffs' inquiries have not resulted in any meaningful responses from USCIS other than a generic statement that they are experiencing a high volume of cases.

24. Plaintiff's Application now continues to be pending with USCIS for over 24 months.

25. USCIS has published a historical average processing time in 2024 of 6.6 months for the adjudication of Form I-485. Plaintiffs Applications have been pending for over 24 months, which is over three and a half times the historical average processing time as reported by USCIS.[5]

26. Defendants have refused to provide further explanation which would merit the need for over two times the historical average processing times.

27. Plaintiffs have submitted numerous inquiries to USCIS, yet no resolution has been achieved.

---

[5] https://egov.uscis.gov/processing-times/historic-pt

6

Case 4:26-cv-00010-TRM-CHS    Document 1    Filed 02/12/26    Page 6 of 9    PageID #: 6

28. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their respective cases have been pending without action by USCIS.

29. Plaintiff TU and Plaintiff WANG have been deprived of the opportunity to have accumulated sufficient time as permanent residents to become U.S. citizens.

30. As a result of Defendants' delay, Plaintiffs are at risk of losing their qualification for permanent resident status.[6]

## COUNT I

### VIOLATION OF THE APA – (2x I-485APPLICATIONS)

31. All prior paragraphs are re-alleged as if fully stated herein.

32. Plaintiff TU and Plaintiff WANG, have a statutory right to apply for adjustment of status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to 8 U.S.C. § 1255; 8 C.F.R. § 245.2(a)(3)(ii).

33. Defendants have a duty to adjudicate Plaintiff TU and Plaintiff WANG's respective Applications within a reasonable period of time under 5 U.S.C. §555(b).

34. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

---

[6] Congress sets limits on the number of immigrant visas that can be issued each year. In order to adjust status to that of legal permanent resident, an immigrant visa must be available to the applicant both at the time of filing and at the time of adjudication. The Department of State publishes a monthly Visa Bulletin which lists the cut-off dates that govern visa availability. Therefore, the monthly Visa Bulletin determines which applicants are eligible to file for adjustment of status, as well as which applicants are eligible for a grant of permanent resident status.

Demand for visa numbers by applicants with a variety of priority dates can fluctuate from one month to another, with an inevitable impact on cut-off dates. Such fluctuations can cause cut-off date movement to slow, stop, or even retrogress. Visa retrogression occurs when more people apply for a visa in a particular category or country than there are visas available for that month.
*See: Visa Retrogression, https://www.uscis.gov/green-card/green-card-processes-and-procedures/visa-availability-priority-dates/visa-retrogression.*

35. No other adequate remedy is available to Plaintiffs.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff TU and Plaintiff WANG to adjudicate their respective Applications.

37. Given the Defendants' lack of a reason for not making a decision on Plaintiff TU and Plaintiff WANG's Form I-1485 Applications for over two years (over 24 months or 741 days), Plaintiffs' respective Applications have been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate the respective Applications within a reasonable period of time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff TU and Plaintiff WANG's respective Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' respective cases.

40. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' respective Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

41. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Furthermore, Plaintiffs have been unable to receive their permanent resident status and have lost time which would have accrued towards their qualification to naturalize as U.S. Citizens. In effect, Plaintiffs lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs Forms I-485, Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  February 12, 2026

Respectfully submitted,

_____/s/ Sadaf F. Ahmed_____
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
sadaf@jeelani-law.com
**Phone:(312) 767-9030**
**Fax:(312) 549-9981**
*Counsel for Plaintiffs*

9